UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA MILES,<br><br>          Plaintiff,<br><br>    v.<br><br>STOHLMAN, et al.,<br><br>          Defendants. | No. 2:23-cv-00827 DJC DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, Georgia Miles, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's complaint (ECF No. 1) is before the court for screening. The complaint's allegations do not state a claim. Because it clearly appears leave to amend would be futile, the undersigned recommends the complaint be dismissed without leave to amend.

**I.    In Forma Pauperis**

Plaintiff seeks to proceed in forma pauperis. (ECF No. 2, 9.) "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Tripati v. First Nat'l Bank & Tr., 821 F.2d 1368, 1370 (9th Cir. 1987). On this basis, for the reasons set forth below, the undersigned will recommend plaintiff's application to proceed in forma pauperis be denied.

## II. Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and mut order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the non-conclusory allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III. Plaintiff's Allegations

Plaintiff alleges her son was kidnaped by police, held hostage, and trafficked by informants. (ECF No. 1 at 3.) Plaintiff's car, food, clothing, and other items were stolen and vandalized. (Id.) Plaintiff's remaining allegations are very difficult to decipher, but plaintiff mentions her public defender, legal mail delays, retaliation, lockdowns, plaintiff's son and daughter, false charges, police brutality, rape, theft, embezzlement, sexual harassment, drug withdrawals, and child abuse. (Id. at 4-5.)

////

////

## IV. Discussion

Plaintiff's claims are incomprehensible. Plaintiff also fails to make any specific allegations against any individual defendant. The complaint does not present plausible factual allegations or legally coherent theories of liability establishing a claim for relief, and should be dismissed. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' … [A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." (internal citations omitted)); see also Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). The present claims should be dismissed on that basis.

If it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). Here, the contents of the complaint are sufficiently unintelligible that it is clear leave to amend would not result in a cognizable claim.

## V. Recommendation

In accordance with the above, IT IS RECOMMENDED as follows:

1. Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 2, 9) be DENIED.

2. The complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."

////
////
////
////

Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 9, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
mile0827.scrn